KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

Attorneys for the Capstone Credit LLC,
Capstone Capital Group LLC
and affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| SIMKAR LLC, | Case No.: 19-22576 (RDD) |
| Debtor. | |

-----------------------------------------------------------x

**DECLARATION OF JEAN PAUL LUCAS IN RELATION TO THE DEBTOR'S MOTION FOR AN ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL UNDER 11 U.S.C. § 363 (C); (II) AUTHORIZING THE PAYMENT OF PRE-PETITION WAGE CLAIMS; (III) DIRECTING PNC BANK TO RELEASE OPERATING ACCOUNT AND (IV) GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE PROPER**

I, Jean Paul Lucas, declare under penalty of perjury as follows:

1. I am over the age of eighteen and am competent to testify to the matters set forth herein.

2. I am the Vice President of Risk Management for Capstone Capital Group LLC (together with Capstone Credit LLC and affiliates, "Capstone"), which has offices at 810 Seventh Avenue, 27th Floor, New York, New York 10019.

3. I submit this declaration (the "Declaration") in relation to *The Debtor's Motion for an Order (I) Authorizing the Use of Cash Collateral Under 11 U.S.C. § 363 (c); (II) Authorizing the Payment of Pre-Petition Wage Claims; (III) Directing PNC Bank to Release Operating*

1

*Account and (IV) Granting Such Other and Further Relief as May be Proper* (the "Motion") [Docket No. 10] filed by Simkar LLC ("Simkar" or "Debtor") on March 13, 2019.

4.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of various books and records, and other relevant documents[1]. If I were called to testify as a witness in this matter, I would testify to the facts set forth herein.

5.  In April 2018, Simkar approached Capstone about providing certain financial accommodations to Simkar because it was in default and forbearance with its then-lender, PNC Bank, National Association ("PNC") in connection with the *Amended and Restated Term Loan and Security Agreement* between PNC, as lender and as agent and Simkar and its non-debtor affiliate Kalko Lighting LLC, as borrowers (the "PNC Agreement"). In May 2018, PNC and Capstone entered into various agreements (the "Acquisition Documents") pursuant to which Capstone purchased PNC's interests under the PNC Agreement and documents ancillary thereto.

6.  In connection therewith, on or about May 17, 2018, the debtor Simkar, debtor affiliate Neo Lights Holding, Inc. ("Neo Lights") and non-debtor affiliate Kalko Lighting, LLC ("Kalko") entered into a *Master Purchase and Sale Agreement* (the "Factoring Agreement") with Capstone Credit LLC ("CC") for the purchase of Accounts Receivable (as defined in the Factoring Agreement). A true and correct copy of the Factoring Agreement is annexed hereto as **Exhibit A**. By the terms of the Factoring Agreement, the …[a]ccount(s) shall be the property of Purchaser, solely and shall be collected by Purchaser…." Factoring Agreement ¶ 3(o). The Factoring Agreement also provided that the "[Factoring] Agreement replaces and supercedes in its entirety the [PNC Agreement]…." Factoring Agreement, Preamble. On the same date, CC and Capstone Capital Group LLC ("CCG"), on the one hand, and Simkar, Kalko and Neo Lights entered into a

---

[1] I have only attached to Declaration documents that I believe in good faith to be relevant to the Motion.

2

Rider to Master Purchase and Sale Agreement (the "Rider"). A true and correct copy of the Rider is annexed hereto as **Exhibit B**.

7.     Also on or about May 17, 2018, Simkar, Kalco and Neo Lights, on the one hand, and CCG, on the other hand, entered into a Purchase Order Financing Agreement (the "Original PO Agreement")[2]. Pursuant to the Original PO Agreement, CCG provided purchase money advances and letter of credit advances, and almost immediately following closing of the Original PO Agreement, working capital for payroll and other overhead, up to a maximum amount of $5 million.

8.     In connection with the Original PO Agreement, Simkar, Kalco and Neo Lights executed a Promissory Note (the "Original Note")[3] that memorialized the obligations under the Original PO Agreement.

9.     In connection therewith, on May 22, 2018, PNC filed two (2) UCC Financing Statement Amendments naming CC and CCG as added secured parties. Annexed hereto as **Exhibit C** is a true and correct copy of UCC Financing Statement Amendment, filing # 2018052201644 adding CC as a secured party. Annexed hereto as **Exhibit D** is a true and correct copy of UCC Financing Statement Amendment, filing # 2018052201645 adding CCG as a secured party.

10.    In connection with the Factoring Agreement and PO Agreement, on or about May 17, 2018, Simkar, Kalko and Neo Lights executed a Security Agreement ("Security Agreement") in favor of CC and CCG[4]. Annexed hereto as **Exhibit E** is a true and correct copy of the Security Agreement.

---

[2] As discussed below, the Original PO Agreement was amended and restated as of January 7, 2019. A true and correct copy of the Amended PO Agreement (defined below) is annexed to this Declaration.
[3] As discussed below, the Original Note was amended and restated as of January 7, 2019. A true and correct copy the Amended Note (defined below) is annexed to this Declaration.
[4] The Security Agreement secures the obligations the Factoring Agreement and Amended PO Agreement (defined below), as provided in the Factoring Agreement and Amended PO Agreement, respectively.

11. In addition, on or about May 21, 2018, Simkar, PNC and CCG entered into a Deposit Account Control Agreement (the "DACA"). A true and correct copy of the DACA is annexed hereto as **Exhibit F**.

12. On May 15, 2018, Capstone Business Funding, LLC[5] and CCG filed a UCC Financing Statement, filing number 2018051501625, against Simkar and Kalko, a true and correct copy of which is annexed hereto as **Exhibit G**.

13. The obligations of Simkar and Kalko under the Factoring Agreement and PO Agreement were guaranteed by Alfred Heyer ("Heyer") pursuant to a Personal Guaranty dated May 17, 2018 (the "Guaranty"). A true and correct copy of the Guaranty is annexed hereto as **Exhibit H**.

14. On January 7, 2019, Simkar, Kalko and Neo Lights, on the one hand, and CCG, on the other hand, entered into an Amended and Restated Purchase Order Financing Agreement (the "Amended PO Agreement"). A true and correct copy and the Amended PO Agreement is annexed hereto as **Exhibit I**. Pursuant to the Amended PO Agreement, the maximum amount under the Original PO Agreement was increased from $5 million to $5.5 million[6].

15. In connection with the Amended PO Agreement, on January 7, 2019, Simkar, Kalko and Neo Lights executed an Amended and Restated Promissory Note (the "Amended Note"). A true and correct copy of the Amended Note is annexed hereto as **Exhibit J**.

16. On January 7, 2019, Heyer and Neo Lights executed a Membership Interest and Stock Pledge Agreement (the "Pledge Agreement") pursuant to which Heyer and Neo Lights

---

[5] Capstone Business Funding, LLC is a wholly-owned subsidiary of CC.
[6] At the same time, Capstone made an additional $500,000 available secured by a third mortgage on the real property owned by Neo Lights. The entire $1 million in additional availability was completely utilized in January and February 2019.

pledge their respective membership interests and stock in Neo Lights, Kalko and Simkar. A true and correct copy of the Pledge Agreement is annexed hereto as **Exhibit K**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   New York, New York
         March 26, 2019

　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Jean Paul Lucas*_____
　　　　　　　　　　　　　　　　　　　　　　　Jean Paul Lucas
　　　　　　　　　　　　　　　　　　　　　　　Vice President of
　　　　　　　　　　　　　　　　　　　　　　　Risk Management
　　　　　　　　　　　　　　　　　　　　　　　Capstone Capital Group LLC