UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SIMKAR LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 19-22576 (RDD)<br><br>(Jointly Administered) |

**ORDER (I) IN FURTHERANCE OF THE COURT'S ORDER APPROVING CHAPTER 11 TRUSTEE'S PROPOSED PROTOCOL TO EVALUATE AND PAY CERTAIN EMPLOYEES' UNPAID POST-PETITION WAGES THAT SATISFY THE REQUIREMENTS OF 11 U.S.C. § 506(c) [DKT. NO. 143] AND (II) AUTHORIZING CHAPTER 11 TRUSTEE TO PAY CERTAIN FORMER EMPLOYEES OF DEBTOR A PORTION OF THEIR POST-PETITION WAGES PURSUANT TO 11 U.S.C. § 506(c) FROM PROCEEDS OF SECURED CREDITOR'S COLLATERAL**

Upon the motion, dated January 10, 2020 (the "Motion"),[2] of Sandeep Gupta, not individually but in his capacity as chapter 11 trustee (the "Chapter 11 Trustee") of Simkar LLC (the "Debtor") in the above-captioned chapter 11 case, by and through his counsel, Reed Smith LLP, seeking entry of an order authorizing the Chapter 11 Trustee, pursuant to 11 U.S.C. § 506(c), and in exchange for such Claimant releasing the Debtor's estate from any and all other administrative expense claims by signing a release in the form attached to the Motion as Exhibit "B", to (i) pay to those hourly worker Claimants accepting the treatment proposed in the Motion 75% of their unpaid, post-petition wages as reflected in the Debtor's books and records and (ii) pay to those non-insider office worker Claimants accepting the treatment proposed in the Motion 15% of their unpaid, post-petition wages as reflected in the Debtor's books and records; and it appearing that due and sufficient notice of the Motion was provided; and there being no opposition to the relief requested in the Motion, including as revised by this Order after the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number are as follows: Simkar LLC (5119) and Neo Lights Holdings, Inc. (7155). The address of the Debtors' corporate headquarters is 700 Ramona Avenue, Philadelphia, Pennsylvania."
[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

hearing on the Motion, including by those whose collateral would be surcharged; and upon the record of the hearing held by the Court on the Motion on January 27, 2020 and all related proceedings herein; and, after due deliberation, the Court having determined, for the reasons stated on the record of the hearing, that the Trustee's proposed settlement, as modified hereby, of his right to seek surcharge of collateral under 11 U.S.C. § 506(c) in respect of the Unpaid Post-Petition Wage Claims, and such surcharge, is fair and reasonable in light of the risks, costs and delay of litigation and is in the best interests of the Debtor's estate; and good and sufficient cause appearing, it is hereby

**ORDERED,** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED,** that the forms of Notice and Release annexed hereto as **Exhibit "A"** are approved and deemed to modify the relief sough in the Motion to the extent set forth therein; and it is further

**ORDERED,** that the Chapter 11 Trustee is authorized and directed to promptly, and in any event by February 14, 2020, send the Notice and Release in the manner set forth in the Motion to all of Debtor's former employees (each a "Claimant") who submitted a Claim Form by the Claim Deadline (each as defined in **Exhibit "A"**); and it is further

**ORDERED**, that to participate in the Trustee's settlement Proposal and be paid the amount set forth in the Motion under Section 506(c) of the Bankruptcy Code, a Claimant must sign and return the Release to the Chapter 11 Trustee on or before thirty (30) days after the date on which the Notice and Release are mailed (the "Response Deadline"), such Claimants, the "Consenting Claimants"; and it is further

**ORDERED**, that the Trustee shall perform under the settlement Proposal and pay the amount provided for therein with respect to each Consenting Claimant as promptly as practicable after receiving the Consenting Claimant's Release; and it is further

**ORDERED**, that Claimants who do not return the Release as provided hereunder by the Response Deadline (each such claimant, a "<u>Non-Consenting Claimant</u>"), shall not participate in the Trustee's settlement Proposal of his claims under 11 U.S.C. § 506(c); provided, that all Non-Consenting Claimants shall retain all claims against the Debtor's estate, including claims under 11 U.S.C. §§ 503 and 507 and their right to seek to compel the Trustee to seek a further surcharge of the collateral under 11 U.S.C. § 506(c), subject to all defenses available to the Debtor and the Chapter 11 Trustee and, with respect to any additional surcharge motion by the Trustee, the Debtor's secured creditors; and it is further

**ORDERED,** that, within thirty (30) days after the Response Deadline, counsel to the Chapter 11 Trustee shall file with the Bankruptcy Court a report identifying all payments made hereunder; and it is further

**ORDERED,** that the Chapter 11 Trustee shall promptly serve this Order upon: (i) counsel for the Debtor, (ii) counsel for the U.S. Trustee, (iii) counsel to the Committee, (iv) counsel to Capstone, (v) all taxing authorities; (vi) all former employees of the Debtor that were employed as of the Petition Date and who timely submitted Claim Forms in accordance with the Wage Claim Protocol Order (i.e., the Claimants); and (vii) all parties-in-interest in this Chapter 11 Case who have requested notice; and it is further

- 4 -

**ORDERED,** that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: White Plains, New York
February 6, 2020

*/s/Robert D. Drain*
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE